UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SHAWN DRAKE | CIVIL ACTION NO. 08-0156 |
| VS. | SECTION P |
| WARDEN ALVIN JONES, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on January 31, 2008, by *pro se* plaintiff Shawn Drake. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana, but complains that he was overcharged for medical services and medication while he was incarcerated at the River Bend Detention Center (RBDC), Lake Providence, Louisiana, in October 2007. He named RBDC Warden Alvin Jones and nurse Pearley Posey as defendants. He asks for judgment in the amount of $17.95 which represents the balance of funds that were retained in his RBDC inmate account by the defendants upon his transfer to FPDC. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

Plaintiff is an inmate in the custody of the LDOC. While he was incarcerated at the

RBDC, he was "...overcharged for medical expenses." According to plaintiff, on October 3, 2007, he was summoned to the medical department at RBDC in response to a sick call slip he submitted earlier. Nurse Posey advised plaintiff that he would be charged a $15.00 co-pay fee for seeing the physician and an additional $5.00 co-pay fee for any medication that was provided.

Plaintiff protested that he was an LDOC inmate and as such was not required to pay more than $5.00. Posey contacted Warden Jones and relayed plaintiff's complaint. Jones advised Posey that she was authorized to collect the full $20.00 if plaintiff's condition was a new condition.

On October 4, 2007, plaintiff was taken to a physician in Lake Providence where he was examined and diagnosed with an inflamed prostate; medication was prescribed. Plaintiff returned to RBDC where he began taking the medication as directed. By October 12, 2007, he had taken only four pills; on that date he was transferred to his present place of confinement, however, the remaining medication remained at RBDC.

When he was transferred, plaintiff contends that there was a positive balance of $17.95 in his inmate account at RBDC; however, these funds were not transferred to FPDC. Plaintiff claims that he was overcharged for medical services and medication in violation of the provisions of La. R.S.15:705.

*Law and Analysis*

*1. Frivolity Review*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state

a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Plaintiff has set forth specific facts which he claims entitles him to a specific form of relief. He need not be afforded an opportunity to amend his complaint.

## 2. Constitution and Laws of the United States

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).[1]  Here, plaintiff maintains only that the defendants violated Louisiana law, specifically La. R.S.15:705.  Thus,  he has failed to state a claim for which relief may be provided.[2]

---

[1] Section 1983 provides in pertinent part, "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

[2] It does not appear that plaintiff complains that he was charged for medical services; rather, he complains that he was overcharged. Of course, should plaintiff maintain that it is unconstitutional to charge prisoners for medical care, such a contention is clearly without merit.  Policies such as "co-pay" policies or "fee-for-service" programs which require inmates to bear part of the cost of their medical treatment are constitutionally permissible so

4

*3. Parratt/Hudson*

To the extent that plaintiff maintains that the defendants misappropriated funds from his prison account, his claim fares no better. The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, Amendment XIV. However, the jurisprudence makes it abundantly clear that a prisoner's claim for the random deprivation of personal property is not cognizable under §1983. In *Parratt v. Taylor*, 451 U.S. 527, 544, 107 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id.,* 451 U.S. at 536-37, 101 S.Ct. at 1913. The Due Process Clause does not embrace tort law concepts. *Id.* Although a prisoner may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford the prisoner a remedy. *Daniels v. Williams,* 474 U.S. 327, 325, 106 S.Ct. 662 at 667, 88 L.Ed.2d 662 (1986).

Even in instances where intentional deprivation occurs, as is apparently alleged herein, where an adequate state post-deprivation remedy is available, the Due Process Clause is not

---

long as the policy or procedure dooes not interfere with timely and effective treatment of serious medical needs. *Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir.1997) (co-pay policy); *Shapley v. Nevada Bd. of State Prison Comm's*, 766 F.2d 404 (9th Cir.1985) (co-pay policy); *Cameron v. Sarraf*, 2000 WL 33677584, at *3-5 (E.D.Va. March 17, 2000) (No. CIV.A.98-1227-AM.) (co-pay policy); *Reynolds v. Wagner*, 936 F.Supp. 1216, 1225-1227 (E.D.Pa.1996) (fee-for-service-program); *Johnson v. Dept. of Public Safety and Correctional Services*, 885 F.Supp. 817 (D.Md.1995) (co-pay policy). In other words, nothing in the United States Constitution guarantees inmates the right to be entirely free from costs associated with medical treatment. *Reynolds*, 128 F.3d, at 175. It is only when necessary medical care is denied to impecunious inmates that the Eighth Amendment is implicated. See, e.g., *Collins v. Romer*, 962 F.2d 1508, 1514 (10th Cir.1992); *Johnson*, 885 F.Supp. at 820.

implicated.  *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994).

      This principle (known as the *Parratt/Hudson* doctrine) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible.  *Davis*, 70 F.3d at 375, citing, *Zinermon v. Burch*, 494 U.S. 113, 128-32, 110 S.Ct. 975, 985-86, 1098 L.Ed.2d 100 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

      In this case, plaintiff's allegations, accepted as true for purposes of this Report, demonstrate that a random and unauthorized deprivation occurred when plaintiff was overcharged for medical services and when the true balance of his prisoner account was not transferred when plaintiff was transferred to another prison.  If adequate state law remedies are available, no further due process is required under the Constitution.

      Louisiana law provides plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility.  See, La. Civil Code, art.  2315. This provision of state law which is the general tort provision of Louisiana's Civil Code provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871 (1992).

      A liberal construction of plaintiff's complaint fails to support a constitutional violation; plaintiff's claim is clearly barred by the *Parratt/Hudson* doctrine.  Since plaintiff has not demonstrated that the defendants violated his constitutional rights, his claim is not a cognizable claim under §1983.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, March 31, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE